**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**GARY SIPPLE BEY,**

**Plaintiff,**

**v.**

**DENNIS JONES, et al.,**

**Defendants.**

**Case No. 26-4050-DDC-RES**

# MEMORANDUM AND ORDER

Before the court is United States Magistrate Judge Rachel E. Schwartz's Report and Recommendation (Doc. 7). Judge Schwartz recommends that the court dismiss this case for violating Fed. R. Civ. P. 8(a). *Id.* at 2. Plaintiff Gary Sipple Bey[1] received notice of his right to object to the Report and Recommendation within 14 days of its service under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). *Id.* at 16. The Report and Recommendation also explained that plaintiff must file any objections within the 14 days to secure appellate review. *Id.*

The Clerk of the Court sent a copy of the Report and Recommendation to plaintiff by certified mail, using the address plaintiff had provided to the court. Service of the Report and Recommendation was accomplished by "mailing it to [plaintiff's] last known address—in which event service [was] completed upon mailing." Fed. R. Civ. P. 5(b)(2)(C); *ReVoal v. Brownback*,

[1] Because plaintiff appears pro se, the court construes his pleadings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court can't assume the role of his advocate. *Id.* Also, plaintiff's pro se status doesn't excuse him from "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.*

2014 WL 5321093, at *1 (D. Kan. Oct. 16, 2014). Mailing occurred on September 1, 2026, the date when the Clerk mailed the Report and Recommendation to plaintiff. The time for plaintiff to object thus expired on September 15, 2026.

Plaintiff didn't file a timely objection. Indeed, he filed no objection at all. So, the court now can accept, adopt, and affirm the Report and Recommendation. And it does so. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate."); *see also Garcia v. City of Albuquerque*, 232 F.3d 760, 766–67 (10th Cir. 2000) (explaining under Fed. R. Civ. P. 72(b) a district court must make a de novo determination only for those portions of the report and recommendation to which a party specifically has objected).

Having reviewed plaintiff's Complaint (Doc. 1) and Judge Schwartz's Report and Recommendation (Doc. 7), the court concludes that Judge Schwartz's analysis and conclusions are sound. The court thus dismisses this action without prejudice under Fed. R. Civ. P. 41(b).

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Complaint (Doc. 1) is dismissed without prejudice. The court directs the Clerk to close this case.

**IT IS FURTHER ORDERED THAT** the Report and Recommendation issued by United States Magistrate Judge Rachel E. Schwartz (Doc. 7) is **ACCEPTED, ADOPTED, AND AFFIRMED**.

**IT IS SO ORDERED.**

**Dated this 23rd day of October, 2026, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**